**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LARRY KLAYMAN, et al. <br><br> Plaintiffs, <br><br> v. <br><br> BARACK HUSSEIN OBAMA, et al. <br><br> Defendants. | Case No. 14-1484 TSC |

## STATEMENT OF INTEREST OF THE UNITED STATES

Pursuant to 28 U.S.C. § 517, and in response to this Court's Order dated June 22, 2015, the United States respectfully submits this Statement of Interest concerning the immunity of the Secretary-General of the United Nations ("UN"). Based on the United States' treaty obligations under the Charter of the United Nations ("UN Charter"), the Convention on the Privileges and Immunities of the United Nations ("General Convention"), and the Vienna Convention on Diplomatic Relations ("Vienna Convention"), defendant Ban Ki-Moon is immune from legal process in this case. This Court therefore lacks jurisdiction over plaintiffs' claims against defendant Ban.

### BACKGROUND

**I.    Plaintiffs' Amended Complaint**

Plaintiffs allege that they or their family members are victims of crimes perpetrated by Hamas. Amended RICO Complaint ("Am. Compl.") ¶¶ 16-19, Dkt. No. 7. On August 28, 2014, plaintiffs filed suit against President Barack Obama, Secretary of State John Kerry, former Secretary of State Hillary Clinton, Malik Obama, UN Secretary-General Ban Ki-Moon, and

Hamas. *See* RICO Complaint, Dkt. No. 1.[1] With respect to the Secretary-General, plaintiffs allege that, "[i]n his position as Secretary General of the United Nations," Am. Compl. ¶ 155, "Ban Ki-Moon has repeatedly provided funds and material support to HAMAS knowing that such funds and material support would be and will be used by HAMAS to commit terrorism" and other illegal acts, *id*. ¶ 156. Plaintiffs claim that the Secretary-General "illegally operated the resources and assets of the United Nations" and knowingly allowed Hamas to store weapons, including "military rockets," at a UN school in Gaza. *Id.* ¶¶ 157-60. Plaintiffs further allege that, because Hamas used these rockets against civilian populations in Israel, the Secretary-General is "guilty of aiding and abetting war crimes committed by HAMAS." *Id.* ¶¶ 160, 163. Finally, plaintiffs claim that defendant Ban "is prone to sympathize with and aid and abet anti-Judeo-Christian interests" based on his political and religious affiliations. *See id*. ¶ 164.

In their Amended Complaint, plaintiffs bring claims under a variety of statutes, including the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Antiterrorism and Effective Death Penalty Act. *See id.* ¶¶ 166-236. They also bring a variety of common law tort claims, including assault and battery, wrongful death, and intentional infliction of emotional distress. *See id.* ¶¶ 237-49. Plaintiffs seek more than $1.5 billion in compensatory and punitive damages, fees, and costs. *Id.* at 54.

## II.   Procedural History

On April 27, 2015, this Court entered a minute order requiring plaintiffs to show cause why their claims against certain defendants, including defendant Ban, "should not be dismissed for failure to effectuate service." On May 11, 2015, plaintiffs responded to the Court's Order to Show Cause, stating that "Defendant Ban Ki Moon was served with the summons and complaint

---

[1] The Motion to Dismiss on behalf of President Obama, Secretary of State Kerry, and former Secretary of State Clinton has been briefed separately. *See* Dkt. No. 9.

on May 8, 2015." Response to Order to Show Cause and Motion for Extension of Time to Effectuate Service of Process, at 1, Dkt. No. 19. Plaintiffs included in their filing an affidavit of process server, purporting to show that service was perfected as to the Secretary-General at the UN Headquarters building in New York. *See id.* at Exhibit 1 attached thereto.

On June 22, 2015, this Court entered an additional minute order requiring plaintiffs to show cause why, in light of diplomatic immunity, the claims against defendant Ban should not be dismissed. In the same order, the Court invited the United States to submit a Statement of Interest addressing the Secretary-General's immunity from suit. The United States hereby makes this submission pursuant to 28 U.S.C. § 517, consistent with the United States' treaty obligations governing the privileges and immunities of UN officials.

## DISCUSSION

### I.   The U.N. Secretary-General Is Immune From This Suit.

The United States' interest in this case arises from treaty obligations, binding upon U.S. courts, to respect the immunities of UN officials. Specifically, these obligations are governed by the UN Charter, the General Convention, and the Vienna Convention, treaties to which the United States is a party.

Article 105 of the UN Charter provides that the UN "shall enjoy . . . such privileges and immunities as are necessary for the fulfillment of its purposes," and that its officials "shall similarly enjoy such privileges and immunities as are necessary for the independent exercise of their functions in conne[ct]ion with the Organization." The Charter of the United Nations, June 26, 1945, 59 Stat. 1031, art. 105.1-2. Article V, Section 18(a) of the General Convention, adopted February 13, 1946, and acceded to by the United States in 1970, provides that "[o]fficials of the United Nations shall . . . be immune from legal process in respect of words

spoken or written and all acts performed by them in their official capacity." General Convention, art. V, § 18(a), 21 U.S.T. at 1432;[2] *see also* 22 U.S.C. § 288d(b) (providing for immunity of representatives, officers, and employees of "international organizations," where "suit and legal process relat[e] to acts performed by them in their official capacity and falling within their functions"); Exec. Order No. 9698, 11 Fed.Reg. 1809 (1946) (designating the UN as an "international organization").

Article V, Section 19 of the General Convention also provides that "the Secretary-General and all Assistant Secretaries-General shall be accorded . . . the privileges and immunities . . . accorded to diplomatic envoys, in accordance with international law." *Id.*, art. V, § 19.[3] The privileges and immunities enjoyed by diplomats are set forth in the Vienna Convention, which entered into force with respect to the United States on December 13, 1972. 23 U.S.T. 3227, TIAS No. 7502, 500 U.N.T.S. 95. Article 31 of the Vienna Convention provides that diplomatic agents "enjoy immunity from [the] civil and administrative jurisdiction" of the receiving State—here, the United States—except with respect to: (a) privately owned real property; (b) performance in a private capacity as an executor, administrator, heir, or legatee; and (c) professional or commercial activities other than official functions. *See id.*, art. 31. None of these three exceptions have any relevance in this case. Indeed, as plaintiffs' Amended Complaint makes clear, defendant Ban is being sued for actions he allegedly took in his official capacity. *See* Am. Compl. ¶¶ 155-63 (describing alleged conduct of Ban Ki-Moon "[i]n his

---

[2] The UN Secretary General designates "the categories of officials" to which Article V applies. General Convention, art. V, § 17. Since 1946, Article V has applied to "all members of the staff of the United Nations, with the exception of those who are recruited locally and are assigned to hourly rates." G.A. Res. 76(I), U.N. Doc. A/116, at 139 (Dec. 7, 1946).

[3] Because the General Convention is self-executing, this immunity applies not only as a matter of international law, but in domestic litigation as well. *See Brzak v. United Nations*, 597 F.3d 107, 111 (2d Cir. 2010).

position as Secretary General of the United Nations"). Therefore, defendant Ban is immune from this suit on the basis of his status as Secretary-General.

The United States understands the provisions of these treaties to mean what they unambiguously state: the Secretary-General enjoys immunity from plaintiffs' suit. To the extent there could be any alternative reading of the applicable treaties, the Court should defer to the Executive Branch's reasonable interpretation. *See Abbott v. Abbott*, 560 U.S. 1, 15 (2010) ("It is well settled that the Executive Branch's interpretation of a treaty is entitled to great weight." (internal citation and quotation marks omitted)); *Kolovrat v. Oregon*, 366 U.S. 187, 194 (1961) ("While courts interpret treaties for themselves, the meaning given them by the departments of government particularly charged with their negotiation and enforcement is given great weight."); *Tachiona v. United States*, 386 F.3d 205, 216 (2d Cir. 2004) (interpreting the General Convention and noting, "in construing treaty language, '[r]espect is ordinarily due the reasonable views of the Executive Branch'") (quoting *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 168 (1999)).

Here, the Executive Branch, and specifically the Department of State, is charged with maintaining relations with the UN, and so its views are entitled to deference. The Court should also defer to the Executive Branch's interpretation in this case because the interpretation is shared by the UN. *See* Letter from Miguel de Serpa Soares, Under-Secretary-General for Legal Affairs and UN Legal Counsel, to Samantha Power, Permanent Representative of the United States to the United Nations (attached hereto as Exhibit A); *see also, e.g.*, *Sumitomo Shoji America, Inc. v. Avagliano*, 457 U.S. 176, 185 (1982) ("When the parties to a treaty both agree as to the meaning of a treaty provision, and that interpretation follows from the clear treaty

language, we must, absent extraordinarily strong contrary evidence, defer to that interpretation.").

Consistent with the provisions of the applicable treaties and the views of the Executive Branch and the UN, courts have repeatedly recognized the immunity of UN officials generally, and the Secretary-General specifically, pursuant to the United States' treaty obligations. *See, e.g.*, *Georges v. United Nations*, No. 13-CV-7146, 2015 WL 129657, at *4 (S.D.N.Y. Jan. 9, 2015) (dismissing suit against Secretary-General Ban based on UN Charter, General Convention, and Vienna Convention), *appeal docketed*, No. 15-455 (2d Cir. Feb. 13. 2015); *McGehee v. Albright*, 210 F. Supp. 2d 210, 217-18 (S.D.N.Y. 1999) (dismissing wrongful termination suit against UN Secretary-General and relying on Article V, Section 18(a) of the General Convention); *see also Devi v. Silva*, 861 F. Supp. 2d 135, 140-42 (S.D.N.Y. 2012) (noting that the "Second Circuit has recognized that under the Vienna Convention, 'current diplomatic envoys enjoy absolute immunity from civil and criminal process.'" (quoting *Brzak*, 597 F.3d at 113)); *Van Aggelen v. United Nations*, 311 F. App'x 407, 409 (2d Cir. 2009) (recognizing immunity of former Secretary-General). Therefore, absent waiver, the Secretary-General is immune from legal process in this suit.

## II.   The UN Has Not Waived The Secretary-General's Immunity.

The Secretary-General may "waive the immunity of any official in any case where, in his opinion, the immunity would impede the course of justice and can be waived without prejudice to the interests of the United Nations." General Convention, art. V, § 20. "In the case of the Secretary-General, the Security Coun[c]il shall have the right to waive immunity." *Id.*

There is no indication that the UN Security Council has expressly or implicitly waived the Secretary-General's immunity from legal process in this case. To the contrary, the UN has

expressly sought to preserve defendant Ban's immunity. In its letter to Ambassador Samantha Power dated June 26, 2015, the UN explained that "the immunity of the Secretary-General has not been waived in respect of" plaintiffs' suit. Exhibit A. The UN also requested that the Government "take the appropriate steps with a view to ensuring that the privileges and immunities of the Secretary-General are maintained in respect of this legal action." *Id.* Accordingly, because the UN has not waived the immunity of defendant Ban, he is entitled to immunity from plaintiffs' suit. *See Lempert v. Rice*, 956 F. Supp. 2d 17, 24 (D.D.C. 2013) (finding UN did not waive its immunity based on similar language), *appeal docketed*, No. 14-5153 (D.C. Cir. June 25, 2014).

### III.    Plaintiffs Have Not Perfected Service As To The Secretary-General.

As noted above, plaintiffs claim that they have adequately served the Secretary-General at the UN Headquarters building in New York. *See* Response to Order to Show Cause and Motion for Extension of Time to Effectuate Service of Process, at 1 & Exhibit 1. Plaintiffs are mistaken. The Secretary-General is "immune from legal process" for his official acts unless the UN expressly waives this immunity. General Convention, art. V, § 18. Here, the UN has made clear that it has not done so. *See* Exhibit A. Additionally, under the UN's Headquarters Agreement with the United States, the "headquarters district shall be inviolable" and "service of legal process . . . may take place within the headquarters district only with the consent of and under conditions approved by the [UN] Secretary-General." Agreement Between the United Nations and the United States Regarding the Headquarters of the United Nations, June 26, 1947, T.I.A.S. No. 1676, 61 Stat. 3416, 11 U.N.T.S. 11 (entered into force Nov. 21, 1947), art. III, § 9(a); *see also* General Convention, art. II, § 3 ("The premises of the United Nations shall be inviolable."). There is no indication that the UN has consented to service in this case. *See*

Exhibit A (stating that the UN "hereby return[s]" the Amended Complaint it received).

Accordingly, plaintiffs have failed to effect service on defendant Ban.

## CONCLUSION

For the foregoing reasons, defendant Ban is immune from suit in this case.

July 27, 2015                                  Respectfully submitted,

                                                      BENJAMIN C. MIZER
                                                    Principal Deputy Assistant Attorney General

                                                    ANTHONY J. COPPOLINO
                                                    Deputy Branch Director
                                                    Federal Programs Branch

                                                    */s/ Stuart J. Robinson*
                                                    STUART J. ROBINSON
                                                    D.C. Bar. No. 1005308
                                                    Trial Attorney
                                                    U.S. Department of Justice
                                                    Civil Division, Federal Programs Branch
                                                    20 Massachusetts Ave., NW
                                                    Washington, DC 20530
                                                    Tel: (202) 514-9239 | Fax: (202) 616-8470
                                                    stuart.j.robinson@usdoj.gov

# EXHIBIT A



UNITED NATIONS     NATIONS UNIES

POSTAL ADDRESS-ADRESSE POSTALE: UNITED NATIONS, N.Y. 10017
TELEPHONE NO: (212)-963-1234; FAX NO. (212)-963-3155

26 June 2015

Excellency,

      <u>In the Matter of Larry Klayman v. The Secretary-General of the United Nations and others (Case 1:14-cv-01484-TSC) in the United States District Court for the District of Columbia</u>

      We write to inform you that, on 8 May 2015, the United Nations Secretariat in New York received an Amended Complaint in the above-referenced case commenced before the United States District Court for the District of Columbia.

      With the present letter, we hereby return the Amended Complaint and respectfully request the competent United States authorities to take appropriate action to ensure full respect for the privileges and immunities of the United Nations in accordance with the obligations of the United States both under international and United States law.

      As you are aware, the United Nations is an international inter-governmental organization established pursuant to the Charter of the United Nations (hereinafter referred to as "the UN Charter"), a multilateral treaty signed on 26 June 1945. The UN Charter was ratified by the Government of the United States of America on 8 August 1945 and came into force in the United States on 28 October 1945.

      As an international organization, the United Nations has been accorded certain privileges and immunities which are necessary for the fulfillment of the purposes of the Organization. Pursuant to Article 105, paragraph 1 of the UN Charter, "[t]he Organization shall enjoy in the territory of each of its Members such privileges and immunities as are necessary for

Her Excellency
Ms. Samantha Power
Permanent Representative of the United States
 to the United Nations
New York

2

the fulfilment of its purposes". Article 105, paragraph 2 provides that "officials of the Organization shall similarly enjoy such privileges and immunities as are necessary for the independent exercise of their functions in connexion with the Organization". Article 105, paragraph 3 stipulates that "[t]he General Assembly may make recommendations with a view to determining the details of the application of paragraph[] 1 ... of this Article or may propose conventions to the Members of the United Nations for this purpose."

In order to give effect to Article 105 of the UN Charter, the General Assembly of the United Nations adopted the Convention on the Privileges and Immunities of the United Nations (hereinafter referred to as "the General Convention") on 13 February 1946. The United States of America acceded to the General Convention on 29 April 1970.

With respect to the claim against the Secretary-General, I wish to note that pursuant to Article V, Section 19 of the General Convention, Mr. Ban Ki-Moon enjoys "the privileges and immunities, exemptions and facilities accorded to diplomatic envoys, in accordance with international law". Pursuant to Article 31 of the Vienna Convention on Diplomatic Relations (hereinafter, "the Vienna Convention"), which entered into force with respect to the United States on 13 December 1972, diplomatic envoys enjoy immunity from criminal, civil and administrative jurisdiction of the host country.

Section 20 of the General Convention provides that the Security Council shall have the right to waive the immunity of the Secretary-General. Please be advised that the immunity of the Secretary-General has not been waived in respect of the above-referenced case in the United States District Court for the District of Columbia.

Pursuant to Section 34 of the General Convention, the Government of the United States undertook an obligation to be "in a position under its own law to give effect to the terms of this Convention". Accordingly, I wish to respectfully request the Government of the United States to take the appropriate steps with a view to ensuring that the privileges and immunities of the Secretary-General are maintained in respect of this legal action.

Please accept, Excellency, the assurances of my highest consideration.

*[signature]*

Miguel de Serpa Soares
Under-Secretary-General for Legal Affairs
and United Nations Legal Counsel

**Certificate of Service**

  I hereby certify that on July 27, 2015, a copy of the foregoing document was served upon counsel of record by electronic means through electronic filing:

Larry E. Klayman, Esq.
Law Offices of Larry Klayman
2020 Pennsylvania Ave., NW
Suite 345
Washington, DC 20006

*Counsel for Plaintiffs*

              */s/ Stuart J. Robinson*
              STUART J. ROBINSON